**C.T. GARZA, Surety, and William Renteria, Principal, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–95–00035–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 1996.

J.M. (Mike) Monks, Bellaire, for appellants.

Kathleen Braddock, Houston, Mark Anthony Font, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

C.T. Garza and William Renteria appeal a judgment of bail bond forfeiture entered in favor of the State of Texas on the ground that the trial court failed to follow article 17.19(b) of the Texas Code of Criminal Procedure.[1] We affirm.

On August 28, 1992, Garza, a bail bondsman, executed a $50,000 bail bond to secure the release of Renteria, a defendant charged with a felony offense. On December 7, 1992, Pedro Villareal, a bail agent who had worked for Garza for four years, allegedly brought an Affidavit of Surety to Surrender[2] to the trial court and handed it to the clerk, who handed it to the judge. The judge allegedly refused to sign the affidavit because Renteria had not yet missed a court appearance, and handed it back to Villareal. Villareal then allegedly returned to his office without taking any other action to file the affidavit, to seek legal assistance in the matter or to notify the district attorney's office of the judge's alleged refusal to sign the affidavit.

On May 24, 1993, Renteria failed to appear in court, and a judgment nisi was entered on May 26 ordering his arrest, and ordering forfeiture of the bond subject to a showing of cause why the judgment of forfeiture should not be made final. The bond forfeiture proceeding was tried to the court on October 11, 1994, and a final judgment of forfeiture was entered on October 24.

In their sole point of error, appellants claim that the trial court did not comply with article 17.19(b) of the Texas Code of Criminal Procedure.

Article 17.19(a) provides that a surety who wishes to surrender his principal[3] may file an affidavit of that intention with the court in which the prosecution is pending. Article 17.19(b) provides that if the court then finds "cause" for the surety to surrender his principal, the court shall issue a warrant for the principal's arrest. Conversely, if the court refuses to issue such a warrant and the principal thereafter fails to appear, the surety has an affirmative defense to liability on the bond. *Id.*

The narrow issue in this case is whether the alleged presentment of the affidavit to the trial court clerk, and the trial judge's refusal to sign it and return of it to Villareal, if taken as true, amounted to a "filing" of the affidavit within the meaning of article 17.19(a), such that Garza would qualify for the affirmative defense provided by article 17.19(b).

Documents are generally to be filed with the clerk of the court; however a judge may accept filing of a paper by noting the filing date thereon and transmitting it to the clerk's office. Tex.R.Civ.P. 74. A paper is deemed to be filed when it is delivered into the custody of the proper official to be kept by him among the papers in his office subject to such inspection by interested parties as may be permitted by law. *Glidden Co. v. Aetna Casualty and Sur. Co.,* 291 S.W.2d 315, 318 (Tex.1956); *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993) (stating that a document is filed when it is tendered to the clerk or otherwise put under the custody or control of the clerk). This is true regardless of whether the instrument is filemarked. *Biffle v. Morton Rubber Indus., Inc.,* 785 S.W.2d 143, 144 (Tex.1990). The purpose of this rule is to protect a diligent party from being penalized by errors and omissions of the court clerk. *Id.*

In this case, it was possible for Villareal to submit the alleged affidavit to the

---

1. *See* Tex.Code Crim.Proc.Ann. art. 17.19(b) (Vernon Supp.1996).

2. This affidavit stated, among other things, that Renteria had moved, had not notified Garza of his new address or phone number, and had not checked in with Garza as required, and that numerous attempts to contact Renteria had failed. It, thus, requested issuance of an alias capias directing the sheriff to apprehend Renteria.

3. In this context, the term "principal" refers to the defendant who has been released on bail, rather than to the principal amount of the bond. Where a surety believes that his principal will not make an upcoming court appearance, as alleged in this case, surrendering the principal provides an opportunity for the principal to be apprehended before his non-appearance causes the surety's bond to be forfeited.

court either for filing or not for filing, *i.e.,* merely for the judge's signature. However, there was no evidence that Villareal expressed any desire to the clerk or judge that the affidavit be filed, or that the clerk or judge noted in any way that the affidavit was to be filed or refused to file it. Nor did Villareal leave an original or copy of the affidavit with the court for its records or present a copy to the district clerk's office for its files.

An essential purpose of filing documents is to make them part of the records of the district or county clerk, as the case may be, and trial court for future reference and so that the occurrence and dates of filings can later be verified.[4] In light of that consideration, we do not believe that the affidavit in this case was filed because a copy of it was not left with the court or district clerk.

Accordingly, appellants' point of error is overruled, and the judgment of the trial court is affirmed.

---

4. Indeed, having documents in the files of the court and clerk forecloses the very issue presented in this case. Ideally, in presenting an affidavit of surety to surrender, the surety's representative would ask the court's clerk to file stamp the affidavit before submitting it to the judge, and the judge would note his ruling on the face of the affidavit, and, if not signing it, would initial and date the notation of his ruling. If the affidavit is then maintained in the court's file, a copy is directed to the district clerk's office, and a copy is available to the surety's representative, disputes concerning filing and presentment would seemingly be minimized.