In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00210-CR


______________________________




OTIS DON WOODS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 180th Judicial District Court


Harris County, Texas


Trial Court No. 847366




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N


 This case is before us on remand from the Texas Court of Criminal Appeals. We initially
reversed Woods' conviction because we found he was denied effective assistance of counsel. Woods
v. State, 59 S.W.3d 833, 838 (Tex. App.-Texarkana 2001), rev'd, 108 S.W.3d 314 (Tex. Crim. App.
2003). The Texas Court of Criminal Appeals reversed our judgment, holding that we had no
jurisdiction to consider Woods' allegation of ineffective assistance of counsel since he did not
include that ground in his notice of appeal as required by Tex. R. App. P. 25.2. Woods v. State, 108
S.W.3d 314 (Tex. Crim. App. 2003).

 Woods pleaded guilty pursuant to a plea agreement. The trial court accepted the plea bargain
and assessed the agreed punishment. According to Tex. R. App. P. 25.2(b)(3) (Vernon 2002) as it
existed when Woods' plea was accepted, Woods could appeal only if his notice of appeal
(a) specified that the appeal was for a jurisdictional defect, (b) specified that the substance of the
appeal was raised by written motion and ruled on before trial, or (c) stated that the trial court gave
Woods permission to appeal. Woods' amended notice of appeal did state that the appeal was for a
jurisdictional defect, but his brief did not raise a jurisdictional issue. His notice of appeal also stated
the appeal involved the voluntariness of his plea and the trial court's written pretrial order finding
him competent to stand trial, but the Texas Court of Criminal Appeals held that these allegations do
not state cognizable grounds under Rule 25.2(b)(3), and even if they did, a claim of ineffective
assistance of counsel does not come within those allegations.

 We initially held that we could consider Woods' ineffective assistance of counsel claim
because a plea agreement made by a defendant without the assistance of effective counsel is an unfair
agreement giving rise to a right to appeal the plea on the ground that it was not voluntary. See
Woods v. State, 59 S.W.3d 833. However, the Texas Court of Criminal Appeals has held that a plea
bargaining defendant may not appeal the voluntariness of his plea, Cooper v. State, 45 S.W.3d 77
(Tex. Crim. App. 2001), and that an ineffective assistance of counsel claim may not be considered
unless it comes within one of the extra notice allegations of the notice of appeal. Consequently, we
were without jurisdiction to consider Woods' claim of ineffective assistance of counsel.

 We therefore dismiss the appeal.


 William J. Cornelius*

 Justice


*William J. Cornelius, C.J., Retired, Sitting by Assignment


Date Submitted: July 14, 2003

Date Decided: August 19, 2003


Publish



pport of
his contention, Portley cites the following excerpt from Brecheisen v. State:

Two requirements must be met for a trial court to acquire jurisdiction to revoke
probation. The State must file with the trial court, before the expiration of the
probationary period, a motion to revoke probation that alleges the probationer
violated the terms of the probation judgment. The trial court must then, before the
expiration of the probationary period, issue a capias based upon this motion that
orders the arrest of the probationer. (2)


4 S.W.3d 761, 763 (Tex. Crim. App. 1999) (citations omitted). 

 In arriving at this conclusion, the Texas Court of Criminal Appeals quoted Guillot: "in order
for the court to have jurisdiction to revoke probation both the motion to revoke and capias for arrest
must be issued prior to the termination of the probationary period." Guillot v. State, 543 S.W.2d
650, 652 (Tex. Crim. App. 1976). The issue in these cases was whether the State had used diligence
in both filing and issuing an arrest warrant before the probationary period expired, a matter which
is unquestioned in this case. 

 Here, the trial court's signed order of arrest specifically states the trial court was presented
with an application for revocation of Portley's community supervision December 22, 2008, a fact this
Court will not choose to ignore. There is no requirement that the application for revocation be filed
with the clerk's office before the trial judge issues the warrant of arrest; it is not uncommon for such
applications to be first presented to the judge and then filed with the arrest order. Further, in some
instances district judges are authorized to file pleadings in their court. (3)
 We disagree with Portley that
Brecheisen imposed a sequential requirement for the formal filing of the application and issuance
of the arrest warrant. Instead, it required that in order to revoke community supervision after the
term of community supervision has expired the State must prove that before the expiration of the
community supervision period, (1) the State filed a motion to revoke and (2) a capias or arrest
warrant was issued. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e) (Vernon Supp. 2009).

 We find the trial court had jurisdiction over the revocation proceeding. 

II. Portley's Plea Relating to the Interlock Device Was Not Involuntary 

 If a person is placed on DWI community supervision, a court may "require as a condition
of community supervision that the defendant have a device installed, on the motor vehicle owned
by the defendant or on the vehicle most regularly driven by the defendant, that uses a deep-lung
breath analysis mechanism," which disables the operation of the vehicle if alcohol is detected. Tex.
Code Crim. Proc. Ann. art. 42.12, § 13(i) (Vernon Supp. 2009). "The court shall require the
defendant to obtain the device at the defendant's own cost before the 30th day after the date of
conviction unless the court finds that to so do would not be in the best interest of justice." Id. "If
the court determines the offender is unable to pay for the device, the court may impose a reasonable
payment schedule." Id. 

 An award of community supervision is not a right, but a contractual privilege entered into
between a court and a defendant. Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). For
this reason, the law is well-settled that conditions of community supervision not objected to are
affirmatively accepted as terms of the contract, and a defendant cannot challenge a condition of
community supervision for the first time at a revocation proceeding. Id. at 535; Vale v. State, 486
S.W.2d 370 (Tex. Crim. App. 1972); In re V.A., 140 S.W.3d 858, 860 (Tex. App.--Fort Worth 2004,
no pet.) (defendant could not object that condition of community supervision was unreasonable at
revocation hearing); Lopez v. State, 46 S.W.3d 476, 480 (Tex. App.--Fort Worth 2001, pet. ref'd)
("Under Speth, therefore, we are prohibited from hearing on appeal a challenge to the validity of a
condition of community supervision unless an objection to that condition was made at the time the
condition was imposed, presumably at sentencing . . . ."); Anthony v. State, 962 S.W.2d 242, 246
(Tex. App.--Fort Worth 1998, no pet.). 

 The trial court's order establishing conditions of community supervision ordered Portley not
to "drive a motor vehicle without a guardian interlock device . . . for three years." Because he now
claims he did not have the financial means, Portley failed to purchase one. He admitted to the court
that he did not abide by this condition of community supervision and pled true to the State's
allegation of violation. He also testified in the revocation hearing that he regularly drove a motor
vehicle without the device. Yet, Portley claimed this plea was involuntary because his counsel did
not discuss the possibility that lack of funds for the device could have been a defense during the
revocation proceedings. We overrule this for several reasons. First, the court did not require Portley
to drive an automobile, but Portley knew that if he owned an automobile or regularly used one, he
was required to install the device and pay for it. In fact, when community supervision was being
assessed, Portley stated he understood fees would be imposed and verified he would pay them. (4) 
Despite that knowledge, Portley elected to drive an automobile without the device. 

 Second, Portley never advised the court of his inability to pay for the device in a timely
fashion as contemplated by Article 42.12, Section 13(i) (which allows the trial court to determine
a reasonable payment schedule if the court determines the probationer cannot pay for the device). 
His recent claim of inability to afford the device is substantially weakened since he failed to make
such claim from November 2007, when he was placed on community supervision, until his
revocation proceeding in February 2009. We overrule this point of error. 

III. Evidence Was Sufficient to Revoke Portley's Community Supervision 


 The order of community supervision also prohibited Portley from drinking alcoholic or
intoxicating beverages. The trial court found Portley violated this condition. Portley contends the
evidence was legally and factually insufficient to support the court's finding. We disagree. 

 A. Standard of Review 

 While the decision to revoke community supervision rests within the discretion of the trial
court, it is not absolute. In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.--Texarkana 2003, no pet.). 
To revoke community supervision, the State must prove every element of at least one ground  for
revocation  by  a  preponderance  of  the  evidence.  Johnson v. State, 943 S.W.2d 83, 85 (Tex.
App.--Houston [1st Dist.] 1997, no pet.); T.R.S., 115 S.W.3d at 320. "'Preponderance of the
evidence' has been defined as the greater weight and degree of credible testimony." T.R.S., 115
S.W.3d at 320. In other words, if the greater weight of credible evidence in this case created a
reasonable belief that Portley violated a condition of community supervision, the standard was met. 
Id. at 321 (citing Martin v. State, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981)). 

 In a revocation hearing, the trial judge is the sole trier of the facts and determines the
credibility of the witnesses and the weight to be given to the testimony. Id.; Lee v. State, 952 S.W.2d
894, 897 (Tex. App.--Dallas 1997, no pet.); Johnson, 943 S.W.2d at 85. The judge may accept or
reject any or all of a witness' testimony. T.R.S., 115 S.W.3d at 321 (citing Mattias v. State, 731
S.W.2d 936, 940 (Tex. Crim. App. 1987)). Considering the unique nature of a revocation hearing
and the trial court's broad discretion in the proceedings, the general standards for reviewing factual
sufficiency do not apply. Pierce v. State, 113 S.W.3d 431, 436 (Tex. App.--Texarkana 2003, pet.
denied). Instead, we review the trial court's decision regarding community supervision revocation
for an abuse of discretion and examine the evidence in a light most favorable to the trial court's
order. T.R.S., 115 S.W.3d at 321; Pierce, 113 S.W.3d at 436 (citing Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. 1981)). Thus, if the greater weight of credible evidence creates a
reasonable belief a defendant has violated a condition of his or her community supervision, the trial
court's order of revocation did not abuse its discretion and must be upheld. Pierce, 113 S.W.3d at
436 (citing Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). If the State's proof 
is sufficient to prove any one of the alleged community supervision violations, the revocation should
be affirmed. T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900 S.W.2d 348, 351 (Tex.
App.--Texarkana 1995, pet. ref'd)). 

 B. Analysis 

 At the revocation hearing, Officer Debra Stiles testified she was dispatched to the scene of
an assault where Portley was present. She stated:

he had the smell of alcohol[ic] beverage coming from his breath. He was unsteady on
his feet. He wanted to lean against the truck while we were talking, or against the
house, whatever we were standing close to. His eyes were bloodshot. And he-he
continually repeated himself as if he had forgotten that he had already said it.


Stiles concluded Portley was under the influence of alcohol and was intoxicated. 

 Officer Cody Hargrove was also dispatched to the scene, and he testified that he smelled
alcohol on Portley's breath and that Portley's speech was slurred. The officer recalled that Portley
admitted he had been drinking. Portley denied drinking any alcohol that day. 

 Based on the testimony of the officers, we conclude the trial court did not abuse its
discretion in finding, by a preponderance of the evidence, that Portley violated his community
supervision by consuming an alcoholic beverage. Portley's last point of error is overruled. 

IV. Conclusion 

 We affirm the trial court's judgment. 




 Jack Carter

 Justice


Date Submitted: October 26, 2009

Date Decided: November 5, 2009


Do Not Publish
1. We note in the judgment of the trial court that the appellant's name was misspelled as
"Curtic." We use the spelling of his signature and the spelling of his name on the other documents
in the case, "Curtis," in this opinion.
2. In Wheat v. State, we pointed out that the Texas Legislature amended Article 42.12 of the
Texas Code of Criminal Procedure to extend the trial court's continuing jurisdiction to revoke
community supervision after the expiration of the term of community supervision. 165 S.W.3d 802,
805 (Tex. App.--Texarkana 2005, pet. dism'd, untimely filed). 
3. Generally, documents are filed with the clerk of the court; however, a judge may accept
filing of a paper by noting the filing date thereon and transmitting it to the clerk's office. Tex. R. 
Civ. P. 74; Garza v. State, 919 S.W.2d 788, 789 (Tex. App.--Houston [14th Dist.] 1996, no pet.). 


4. Portley correctly recited that "[i]n a community supervision revocation hearing at which it
is alleged only that the defendant violated the conditions of community supervision by failing to pay
compensation paid to appointed counsel, community supervision fees, or court costs, the state must
prove by a preponderance of the evidence that the defendant was able to pay and did not pay as
ordered by the judge." Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2009). This
statute is inapplicable in this revocation hearing since failure to pay for the interlock device, not a
mandated fee under the statute since a defendant can choose not to drive, was not the only reason
why Portley's community supervision was being revoked.