NO. 07-04-00405-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 11, 2004



______________________________




IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS



_________________________________






Before QUINN and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relators David Lee Jones and Alice Redeker seek a writ of mandamus requesting that
we order the Honorable Felix Klein, Judge of the 154th District Court of Lamb County, to vacate
his order of April 23, 2004, denying their motion to compel discovery. In response, among other
things, real party in interest, William B. Jones, Jr. contends that relators have not demonstrated
that the denial of their motion to compel discovery constituted a clear abuse of discretion by the
trial court. For the reasons set forth, we deny the requested relief.

 Although the discovery rules encourage trial courts to limit discovery to avoid undue
burdens in production, real party had the burden in the trial court to produce some evidence to
support his request for protection. In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex.
1999). Here, relators are entitled to mandamus relief "only to correct a trial court's clear abuse
of discretion when no adequate remedy at law exists." In Re Alford Chevrolet-Geo, 997 S.W.2d
at 176. In our review, regarding factual matters, as an appellate court we may not substitute our
judgment for that of the trial court. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992); In
re Energas Co., 63 S.W.3d 50, 51 (Tex. App.--Amarillo 2001, orig. proceeding). Therefore, in
determining whether mandamus should issue, we must focus on the record that was before the
trial court and decide whether the decision was not only arbitrary but also amounted to a clear
and prejudicial error of law. In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). 

 The April 23, 2004 order of the trial court which relators challenge provides in part:

 After hearing the evidence and argument of counsel, the Court finds that
Plaintiffs' Motion to Compel Discovery should be in all things denied.


Although the order indicates that relators' motion was denied after the trial court heard evidence,
the record presented here does not include a reporter's record of the hearing or an
authenticated transcript of the relevant testimony per Rule 52.7(a)(2) of the Texas Rules of
Appellate Procedure. Moreover, relators' fact statement in their petition is not supported by a
verified affidavit as required by Rule 52.3. Because we have not been provided with a record
of the evidence heard by the trial court, we are unable to determine whether the denial of
relators' motion was a clear abuse of discretion by the trial court. 

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice






enUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00215-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
22, 2011

 



 

CHARLES HAROLD FISHER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

 

NO. 4409; HONORABLE STUART MESSER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER ON MOTION FOR REHEARING

Appellant Charles Harold Fisher has
filed a motion asking reconsideration of our order of June 28, 2011, dismissing
his appeal for want of jurisdiction.  The
State responded at our request.  For the
reason that follows, we grant appellants motion for rehearing, withdraw our
opinion and judgment of June 28, 2011, and reinstate the appeal.

The trial court imposed sentence on
appellant on February 25, 2011.  On May
25, 2011, appellant filed in this court a notice of appeal and motion for new
trial, which we transmitted to the clerk of the trial court.  The clerks record was subsequently
filed.  It contained a copy of a notice
of appeal bearing only the May 25 file mark of this court and a motion for new
trial bearing no file mark.[1]  Because the record did not indicate appellant
timely filed a motion for new trial, his notice of appeal, filed eighty-nine
days after the imposition of sentence, was untimely.  We dismissed the case for want of
jurisdiction by order of June 28.

            Appellant
filed a motion for rehearing contending he timely filed a motion for new trial
by delivering the pleading to the judge of the trial court.  Two days after the motion was filed a
supplemental clerks record was filed. 
It contains a letter of July 11, 2011, from the trial court to counsel
for appellant and the State.  The entire
body of the trial courts letter reads as follows:

[Appellants counsel] has asked that I write a letter acknowledging he
sent me a copy of a Motion for New Trial in the above referenced case.  [Appellants counsel] did send me a copy of a
Motion for New Trial within the 30 days (sic) time period, and asked for a
hearing several times.  I did not grant a
hearing on the Motion.

In its
response, the State concludes appellants motion for new trial was timely
filed.  It asks that we grant appellants
motion for rehearing and reinstate the appeal. 
Both the State and appellant alternatively request reinstatement in the
interest of justice.  

The fundamental issue here remains
the timeliness of appellants motion for new trial.[2]  For if it was filed within thirty days of
sentencing, his notice of appeal was timely and our jurisdiction attached.[3]  Otherwise, we are without jurisdiction.  

            Jurisdiction
of a court must be legally invoked, and when not legally invoked, the power of
the court to act is as absent as if it did not exist.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996) (quoting Ex parte Caldwell, 383 S.W.2d 587, 589
(Tex.Crim.App. 1964)).  And regardless of
this courts, or the parties, opinions of the justness of a cause, our
jurisdiction is not invoked absent a timely-filed notice of appeal.  Slaton
v. State, 981 S.W.2d 208, 209 (Tex.Crim.App. 1998) (per curiam) (appellate
jurisdiction invoked by timely filing notice of appeal and Tex. R. App. P. 2
not available to extend time for filing notice of appeal in criminal case); Olivo, 918 S.W.2d at 522; see Tex. R. App. P. 25.2(b).  Nor can jurisdiction be conferred by agreement
of the parties.  Castle & Cooke Mortg., LLC v. Diamond T Ranch Dev., Inc., 330
S.W.3d 684, 687 (Tex.App.--San Antonio 2010, no pet.) (noting jurisdiction
exists by operation of law and cannot be conferred or taken away by consent or
waiver).

            Ordinarily,
a document in litigation is filed with the clerk of the trial court; however,
under Rule of Civil Procedure 74 the judge may permit the papers to be filed
with him, in which event he shall note thereon the filing date and time and
forthwith transmit them to the office of the clerk.  Tex. R. Civ. P. 74.  This rule has been recognized in criminal
proceedings.  Garza v. State, 919 S.W.2d 788 (Tex.App.--Houston [14th Dist.]
1996, no pet.) (bond forfeiture); Rodriguez
v. State, No. 02-04-0118-CR, 2004 Tex. App. Lexis 10470, at *4
(Tex.App.--Fort Worth Nov. 18, 2004, no pet.) (per curiam, mem. op., not
designated for publication).  

            By
affidavit or otherwise we may ascertain the matters of fact necessary to the
proper exercise of our jurisdiction. 
Tex. Govt Code Ann. § 22.220(c) (West Supp. 2010); Jones v. Griege, 803 S.W.2d 486, 488 (Tex.App.--Dallas 1991, no
writ) (in determining jurisdiction to consider interlocutory order, court could
consider statements in attorneys letter to court).  

While neither party nor the trial
judge has expressly referred to Rule 74, and while it is only with some effort
that we construe the trial judges July 11 letter to say that appellant filed
his motion for new trial with the judge by sending him a copy of it within the
30 days time period, we find that the trial judge exercised his discretion
under Rule 74 and accepted the motion for filing.  See
Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267, 268 (Tex. 1996) (per curiam)
(mentioning discretion of trial court to recognize document mailed to judge as
filed under Rule 74); Tex. R. Civ. P. 74 (judge may permit papers to be filed with him).  While the record does not indicate the
district judge noted on the motion filed with him the filing date and time, and
forthwith transmitted it to the clerk as Rule 74 requires, on the record before
us we will not find this omission determinative.  Cf.
Biffle v. Morton Rubber Industries, Inc.,
785 S.W.2d 143, 144 (Tex. 1990) (per curiam) (An instrument is deemed in law
filed at the time it is delivered to the clerk, regardless of whether the
instrument is filemarked).  When
accepting papers for filing, a judge should fully comply with the requirements
of Rule 74; otherwise, the purpose of filing documents is thwarted.  See
Garza, 919 S.W.2d 788, 790 (An essential purpose of filing documents is to
make them part of the records of the district or county clerk, as the case may
be, and trial court for future reference and so that the occurrence and dates
of filings can later be verified).  

            We
conclude appellants motion for new trial was timely filed by delivering a copy
to the judge of the trial court according to Rule 74.  We therefore grant appellants motion for
rehearing, withdraw our opinion and judgment of June 28, 2011, and reinstate the
case.  The reporters record shall be
filed within thirty days of the date of this order.  Briefing deadlines shall fall according to
the Rules of Appellate Procedure.  Tex.
R. App. P. 38.6. 

            It
is so ordered.

Per
Curiam

Do not publish. 

 

 











[1]  While this may
be the copy of appellants motion for new trial filed in this court, the fact
is not disclosed by the record.  

 





[2]  In a criminal
case, a motion for new trial must be filed no later than thirty days after the
date the court imposes sentence in open court. 
Tex. R. App. P. 21.4(a).

 





[3] In a criminal case, if a defendant timely files a
motion for new trial, a notice of appeal must be filed within ninety days after
the day sentence is imposed in open court. 
Tex. R. App. P. 26.2(a)(2).