COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-118-CR
  
  
AMBROCIO 
RODRIGUEZ, JR.                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ambrocio Rodriguez, Jr. appeals from his conviction of manslaughter.  In 
three issues, he contends that 1) the trial court should have determined 
punishment pursuant to code of criminal procedure article 37.07, section 2(b), 
2) he received ineffective assistance of counsel, and 3) the trial court’s 
oral pronouncement of his sentence should control over the sentence in the 
judgment.  We reform the trial court’s judgment to delete the $10,000 
fine and affirm the judgment as reformed.
Background
        On 
December 8, 2002, Appellant drove his truck in the wrong lane on FM 3040 in 
Lewisville, Denton County, Texas. Appellant struck the vehicle driven by Heather 
Strevy, which overturned and trapped Heather and her husband, Daniel, 
inside.  Daniel died in the accident.  Appellant’s blood alcohol 
level was 0.108.  Appellant pled guilty to the offense of manslaughter, and 
the court held a trial on January 12 through January 14, 2004.  The jury 
found Appellant guilty and found that he used his automobile as a deadly weapon 
in the commission of the offense.  The jury assessed punishment at nineteen 
years’ imprisonment and a $10,000 fine.  The judge orally pronounced 
Appellant’s sentence as nineteen years’ confinement, but did not pronounce 
the fine when sentencing him.
Timely Filed
        In 
Appellant’s first issue, he argues that the trial judge, not the jury, should 
have determined punishment according to article 37.07, section 2(b) because 
counsel did not timely file the application for probation and election on 
punishment.  See Tex. Code 
Crim. Proc. Ann. art. 37.07, § 2(b) (Vernon Supp. 2004-05).  
However, the State contends that the documents were properly before the court 
prior to Appellant’s plea and before voir dire.
        A 
review of the record substantiates the State’s position.  Several factors 
lend support to this determination.  First, the affidavit for the 
application for probation is signed and dated January 12, 2004, the first day of 
the trial, by Appellant and the presiding judge.  Second, the trial judge 
acknowledges receiving these documents prior to jury voir dire. The following 
exchange occurred at trial:
 
THE COURT: Based on the evidence, I’m going to find you guilty of the 
second-degree felony offense of manslaughter.  We will allow a jury to 
determine whether or not there’s a deadly weapon finding, that will be a fact 
question, as well as the jury will determine what your punishment is.
 
[Appellant’s 
counsel]:  Do you want to swear him for probation, Judge?
 
THE 
COURT: I’ve got before me some documents filed this morning.  First, the election of jury to assess punishment, 
and that’s properly filed.  
And I also have an application for 
probation.  Everything in here, is it true and correct?
 
THE 
DEFENDANT: Yes, sir.
THE 
COURT: And you swear that it’s true and correct?
THE 
DEFENDANT: Yes, sir. [Emphasis added.]
  
        The 
jury selection phase of the trial followed.  Finally, even though Appellant 
argues that the file-mark date was two days after the verdict, the file mark 
date is not controlling.  See Williams v. State, 767 S.W.2d 868, 
871-72 (Tex. App.—Dallas 1989, pet. ref’d) (applying rule to criminal 
cases).  Generally, documents are filed with the clerk of the court; 
however, a judge may accept filing of a paper by noting the filing date thereon 
and transmitting it to the clerk’s office. Tex. R. Civ. P. 74; Garza v. State, 
919 S.W.2d 788, 789 (Tex. App.—Houston [14th Dist.] 1996, no pet.).  A 
paper is deemed to be filed when it is delivered into the custody of the proper 
official to be kept by him among the papers in his office subject to such 
inspection by interested parties as may be permitted by law.  Garza, 
919 S.W.2d at 789.
        In 
the present case, the trial judge noted on the record that these documents were 
properly filed. In addition, he accepted them and signed and dated them the same 
day.  This case is different than Garza where the court held that 
the affidavit was not filed because neither the original nor a copy of it was 
left with the court or the district clerk and there was no evidence that the 
appellant had any desire that it be filed.  Id.  Additionally, 
the judge in Garza did not sign the document unlike this case where the 
presiding judge signed it the same day.  Id.  Here, all of the 
documents were given to the trial judge, and they were eventually delivered and 
file-marked January 16, 2004.  We hold that the application for probation 
and the election to have the jury assess punishment was properly and timely 
filed with the trial judge.  Appellant’s first issue is overruled.
Ineffective 
Assistance of Counsel
        Appellant 
complains in his second issue that he received ineffective assistance of counsel 
because counsel failed to timely file his application for probation and election 
on punishment.  We need not address Appellant’s second issue because we 
held in his first issue that the application for probation and election on 
punishment was properly and timely filed.  See Tex. R. App. P. 47.1.  Therefore, 
there was no ineffective assistance of counsel.  We overrule Appellant’s 
second issue.
Oral 
Pronouncement
        In 
Appellant’s third issue, he contends that the trial court erred in including a 
$10,000 fine as part of his sentence in the judgment because the trial court did 
not include the fine when pronouncing Appellant’s sentence in open 
court.  When there is a conflict between the oral pronouncement of sentence 
and its written judgment, the oral pronouncement controls.  Taylor v. 
State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  On January 14, 
2004, the trial court pronounced Appellant’s sentence as follows:  “The 
jury, having found you guilty as indicted of manslaughter, assessing your 
punishment at 19 years confinement in the Texas Department of Criminal Justice, 
I hereby sentence you to 19 years confinement in the Texas Department of 
Criminal Justice.”  The court did not mention the $10,000 fine.  
Accordingly, we hold that the trial court erred in including the $10,000 fine in 
the judgment and sustain Appellant’s third issue.  See id.
Conclusion
        Having 
overruled Appellant’s first and second issues and sustained his third issue, 
we reform the trial court’s judgment to delete the $10,000 fine from 
Appellant’s sentence and affirm the judgment as reformed.
 
  
                                                                  PER 
CURIAM
 
  
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.