RODRIGUEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-118-CR

AMBROCIO RODRIGUEZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Ambrocio Rodriguez, Jr. appeals from his conviction of manslaughter.  In three issues, he contends that 1) the trial court should have determined punishment pursuant to code of criminal procedure article 37.07, section 2(b), 2) he received ineffective assistance of counsel, and 3) the trial court’s oral pronouncement of his sentence should control over the sentence in the judgment.  We reform the trial court’s judgment to delete the $10,000 fine and affirm the judgment as reformed.   

Background
 

On December 8, 2002, Appellant drove his truck in the wrong lane on FM 3040 in Lewisville, Denton County, Texas.  Appellant struck the vehicle driven by Heather Strevy, which overturned and trapped Heather and her husband, Daniel, inside.  Daniel died in the accident.  Appellant’s blood alcohol level was 0.108.  Appellant pled guilty to the offense of manslaughter, and the court held a trial on January 12 through January 14, 2004.  The jury found Appellant guilty and found that he used his automobile as a deadly weapon in the commission of the offense.  The jury assessed punishment at nineteen years’ imprisonment and a $10,000 fine.  The judge orally pronounced Appellant’s sentence as nineteen years’ confinement, but did not pronounce the fine when sentencing him.

Timely Filed

In Appellant’s first issue, he argues that the trial judge, not the jury, should have determined punishment according to article 37.07, section 2(b) because counsel did not timely file the application for probation and election on punishment.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 37.07, § 2(b) (Vernon Supp. 2004-05).  However, the State contends that the documents were properly before the court prior to Appellant’s plea and before voir dire.

A review of the record substantiates the State’s position.  Several factors lend support to this determination.  First, the affidavit for the application for probation is signed and dated January 12, 2004, the first day of the trial, by Appellant and the presiding judge.  Second, the trial judge acknowledges receiving these documents prior to jury voir dire.  The following exchange occurred at trial:

THE COURT:  Based on the evidence, I’m going to find you guilty of the second-degree felony offense of manslaughter.  We will allow a jury to determine whether or not there’s a deadly weapon finding, that will be a fact question, as well as the jury will determine what your punishment is.

 

[Appellant’s counsel]:  Do you want to swear him for probation, Judge?

THE COURT:  I’ve got before me some documents 
filed this morning
.  First, the 
election of jury to assess punishment
, and 
that’s properly filed
.  And 
I also have an application for probation
.  Everything in here, is it true and correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  And you swear that it’s true and correct?

THE DEFENDANT:  Yes, sir. [Emphasis added.]

The jury selection phase of the trial followed.  Finally, even though Appellant argues that the file-mark date was two days after the verdict, the file mark date is not controlling.  
See Williams v. State
, 767 S.W.2d 868, 871-72 (Tex. App.—Dallas 1989, pet. ref’d) (applying rule to criminal cases).  Generally, documents are filed with the clerk of the court; however, a judge may accept filing of a paper by noting the filing date thereon and transmitting it to the clerk’s office.  
Tex. R. Civ. P. 
74; 
Garza v. State
, 919 S.W.2d 788, 789 (Tex. App.—Houston [14th Dist.] 1996, no pet.).  A paper is deemed to be filed when it is delivered into the custody of the proper official to be kept by him among the papers in his office subject to such inspection by interested parties as may be permitted by law.  
Garza
, 919 S.W.2d at 789.

In the present case, the trial judge noted on the record that these documents were properly filed.  In addition, he accepted them and signed and dated them the same day.  This case is different than 
Garza
 where the court held that the affidavit was not filed because neither the original nor a copy of it was left with the court or the district clerk and there was no evidence that the appellant had any desire that it be filed.
  Id
.  Additionally, the judge in 
Garza
 did not sign the document unlike this case where the presiding judge signed it the same day.  
Id
.  Here, all of the documents were given to the trial judge, and they were eventually delivered and file-marked January 16, 2004.  We hold that the application for probation and the election to have the jury assess punishment was properly and timely filed with the trial judge.  Appellant’s first issue is overruled.

Ineffective Assistance of Counsel
 

Appellant complains in his second issue that he received ineffective assistance of counsel because counsel failed to timely file his application for probation and election on punishment.  We need not address Appellant’s second issue because we held in his first issue that the application for probation and election on punishment was properly and timely filed.  
See
 Tex. R. App. P.
 47.1.  Therefore, there was no ineffective assistance of counsel.  We overrule Appellant’s second issue.  

Oral Pronouncement

In Appellant’s third issue, he contends that the trial court erred in including a $10,000 fine as part of his sentence in the judgment because the trial court did not include the fine when pronouncing Appellant’s sentence in open court.  When there is a conflict between the oral pronouncement of sentence and its written judgment, the oral pronouncement controls.  
Taylor v. State
, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  On January 14, 2004, the trial court pronounced Appellant’s sentence as follows:  “The jury, having found you guilty as indicted of manslaughter, assessing your punishment at 19 years confinement in the Texas Department of Criminal Justice, I hereby sentence you to 19 years confinement in the Texas Department of Criminal Justice.”  The court did not mention the $10,000 fine.  Accordingly, we hold that the trial court erred in including the $10,000 fine in the judgment and sustain Appellant’s third issue.  
See id. 
 

Conclusion
 

Having overruled Appellant’s first and second issues and sustained his third issue, we reform the trial court’s judgment to delete the $10,000 fine from Appellant’s sentence and affirm the judgment as reformed.   

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH  

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.