Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00630-CR

Arnoldo David **LOPEZ**,

Appellant

v.

The **STATE** of Texas,

Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 08-07-09930-CR
The Honorable Federico Hinojosa[1], Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 27, 2010

DISMISSED FOR WANT OF JURISDICTION

Arnoldo David Lopez was convicted of murder in the 79th Judicial District Court of

Brooks County, and the trial court imposed a fifty year sentence on May 13, 2010.  A motion for

new trial was therefore due June 14, 2010.  *See* TEX. R. APP. P. 21.4(a).  In the absence of a

timely motion for new trial, the notice of appeal was due June 14, 2010, or the notice of appeal

---

[1]Former appellate judge, sitting by assignment.

and a motion for extension of time to file were due fifteen days later on June 29, 2010. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. The record contains a motion for new trial bearing a file stamp date of June 22, 2010, and a notice of appeal filed August 9, 2010. Lopez did not file a motion for extension of time to file the notice of appeal.

Because the motion for new trial and notice of appeal appeared to be filed late, we ordered Lopez to file a response showing why the appeal should not be dismissed for want of jurisdiction. Lopez's attorney filed a response in which he asserts that on June 11, 2010, before the deadline for filing the motion for new trial, he: (1) "mailed an envelope that he believed contained . . . the Motion for New Trial with an . . . enclosure letter to the Brooks County District Clerk;" (2) "left with the trial court's personnel at it's [sic] main office in Alice, [Jim Wells County], Texas" a copy of the motion for new trial; and (3) delivered a copy of the motion for new trial "with the 279th [sic] District Attorney's Office at it's [sic] main office in Alice, Texas." Counsel asserts he later learned the envelope mailed to the Brooks County District Clerk contained only a cover letter, and not a motion for new trial. Counsel states he hand-filed the motion for new trial the following day, June 22, 2010. Counsel asserts the motion for new trial should be considered timely because he acted with due diligence and in good faith and because he left a copy of the motion with "trial court personnel" before the deadline for filing.

A timely notice of appeal is necessary to invoke the jurisdiction of this court. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal). In this case, the notice of appeal was timely only if Lopez timely filed a motion for new trial.

"[A] court document is filed 'when it is placed in the custody or control of the clerk.'" *Stansberry v. State*, 239 S.W.3d 260, 263 (Tex. Crim. App. 2007) (quoting and adopting holding of *Standard Fire Ins. Co. v. La Coke*, 585 S.W.2d 678, 681 (Tex. 1979)). A judge may also accept a paper for filing by noting the filing date thereon and transmitting it to the proper clerk's office. *See Garza v. State*, 919 S.W.2d 788, 789 (Tex. App.—Houston [14 Dist.] 1996, no pet.).

It is undisputed that the motion for new trial was not placed in the custody or control of the Brooks County District Clerk until June 22, after the deadline for filing. Lopez contends that he "filed" the motion for new trial by leaving it with "trial court personnel" in the trial court's Jim Wells County office[2]. Lopez does not allege he delivered the motion to a judge, does not identify by name or title the person to whom he delivered the motion, and does not contend that any of the personnel in the trial court's Jim Wells County office were employees of the Brooks County District Clerk. Nor is there a showing that the person with whom he left the motion accepted it for filing, noted the filing date, or transmitted it to the Brooks County District Clerk's office.

Under these circumstances, we cannot find the motion for new trial was timely filed, and we lack authority to exercise jurisdiction over an appeal based on counsel's diligence or good faith. *See Fowler v. State*, 16 S.W.2d 426, 428 (Tex. App.—Waco 2000, pet. ref'd); *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Because the motion for new trial was untimely, the notice of appeal filed August 9 was also untimely, and we lack jurisdiction to entertain the appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522.

---

[2]The 79th Judicial District encompasses two counties — Brooks and Jim Wells— and the district judge maintains offices in both counties. Lopez was indicted, tried, and convicted in the 79th Judicial District Court of Brooks County.

We therefore dismiss this appeal for lack of jurisdiction. *See Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)(explaining that writ of habeas corpus pursuant to article 11.07 governs out-of-time appeals from felony convictions).

PER CURIAM

DO NOT PUBLISH