NO. 12-10-00225-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

JAMES EARL BUTLER,                             §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION OVERRULING REHEARING

PER
CURIAM

            Relator
James Earl Butler filed a petition for writ of mandamus requesting relief from
the trial court’s orders denying his third and fourth motions for a court of
inquiry.  We denied the petition.  See generally In re Butler,
No. 12-10-00225-CR, 2010 WL 3000027 (Tex. App.–Tyler July 30, 2010, orig.
proceeding).  Relator filed a motion for rehearing requesting that we address
the trial court’s jurisdiction to deny his motions.  We overrule the motion for
rehearing, but withdraw our opinion dated July 30, 2010, and substitute the
following opinion in its place.

            Relator
James Earl Butler seeks a writ of mandamus directing the trial court to (1)
vacate its orders denying Relator’s third and fourth motions for a court of
inquiry and (2) allow his third motion to proceed in the 241st Judicial
District Court.  We deny the petition.

 

Background

            Relator
entered an open plea of guilty to aggravated assault with a deadly weapon.  He
was found guilty and sentenced to ten years of imprisonment and a $5,000 fine.[1] 
After sentencing, the case was transferred from the convicting court to the 7th
Judicial District Court of Smith County but was not assigned a new cause
number.  Relator later filed a motion in the convicting court requesting a
court of inquiry.  The motion was denied.  Approximately six months later,
Relator filed a motion in the 7th Judicial District Court (the transferee
court) requesting a court of inquiry, which was denied by written order. 
Immediately thereafter, Relator submitted his third motion for a court of
inquiry to the district clerk for filing, but directed the motion to the 241st
Judicial District Court of Smith County. The Honorable Kerry L. Russell, judge
of the 7th Judicial District Court and the respondent in this proceeding,
denied the motion.  Relator then submitted a fourth motion for a court of
inquiry to the district clerk for filing.  That motion also was directed to the
241st Judicial District Court.  The respondent denied the motion.  In this
original proceeding, Relator contends that the trial court’s orders denying his
third and fourth motions are void and requests that the trial court be directed
to vacate them.  He also requests that the respondent be directed to allow the
third motion to proceed in the 241st Judicial District Court.

 

The “Unfiled” Motions

            The
orders denying Relator’s third and fourth motions for a court of inquiry do not
bear a cause number.  Instead, they include the notation “CAUSE NUMBER
UNFILED.”  Relator alleges that he presented each motion to the trial court
clerk for filing in the 241st Judicial District Court, but the respondent
“unfiled” them.  Therefore, Relator’s argument continues, the motions were not
filed in any court, and the trial court lacked jurisdiction to rule on them.[2]

            A
document is deemed filed when it is placed in the custody or control of the
clerk.  Stansberry v. State, 239 S.W.3d 260, 263 (Tex. Crim. App.
2007).  This is true regardless of whether the instrument is filemarked.  Garza
v. State, 919 S.W.2d 788, 790 (Tex. App.–Houston [14th Dist.], no pet.)
(citing Biffle v. Morton Rubber Indus., Inc., 785 S.W.2d 143, 144
(Tex. 1990)).   The purpose of this rule is to protect a diligent party from
being penalized by errors and omissions of the court clerk.  Stansberry,
239 S.W.3d at 263.  We cannot explain why the orders challenged
in this proceeding, and presumably the underlying motions, bear the notation “CAUSE
NUMBER UNFILED” instead of a cause number.  Relator
alleges that his third and fourth motions for a court of inquiry were submitted
to the clerk for filing in the 241st Judicial District Court.  The trial court
included a finding in each of the challenged orders that the underlying motion
was “submitted to the Smith County District Clerk.”  Although the trial court
found that Relator’s motions were frivolous, it made no finding that it had struck
them.  Therefore, based upon the record before us, we cannot conclude that the
trial court “unfiled” the motions, and thus cannot agree with Relator that the
trial court lacked jurisdiction to rule on the motions.[3] 
Accordingly, we hold that the orders denying Relator’s third and fourth motions
for a court of inquiry are not void.

            Relator
argues further that he is entitled to have his third motion for a court of
inquiry considered by the 241st Judicial District Court because the respondent
has ruled against him.  Specifically, Relator argues that, as with habeas
applicants, he was free to present his motion for a court of inquiry to another
district judge after the respondent ruled against him.  See, e.g., Ex
parte Johnson, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978) (“[W]here the
trial judge denies the writ [of habeas corpus], a petitioner’s remedy is to
present his application to another judge having jurisdiction.”). In
support of this argument, he cites Texas Code of Criminal Procedure, article
52.01(a).  However, subsection 52.01(a) prescribes the procedure that a
district judge must follow in requesting a court of inquiry.  See Tex. Code Crim. Proc. Ann. art.
52.01(a) (Vernon 2006).  Neither subsection (a) nor any other subsection of
article 52.01 authorizes a private citizen requesting a court of inquiry to
select which district judge will consider the request.  See id.  

            We
have been unable to locate any authority supporting Relator’s argument that he
is entitled to have a district judge other than the respondent consider his
third motion for a court of inquiry.  Therefore, Relator’s argument is without
merit, and his direction of the motions to the 241st Judicial District Court is
of no effect.

 

Conclusion

            This
court has authority to issue a writ of mandamus in a criminal case if two
conditions are met:  (1) there is no adequate remedy at law and (2) the act
sought to be compelled is ministerial.  See Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).  Relator has not
shown that either of the challenged orders is void or that he is entitled to
have his third motion for a court of inquiry ruled on by a district judge other
than the respondent.  Consequently, Relator has not shown that the acts he
seeks to compel are ministerial.  Without this showing, he is not entitled to
mandamus relief.  Relator’s petition for writ of mandamus is denied.

Opinion delivered January 19, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)

 

 

 

 









                [1] Our statement of the facts is
based, in part, upon recitations contained in various trial court orders
included in the record that Relator furnished in this proceeding.

 





                [2]
The record does not include a copy of either motion.





                [3] Because we have not concluded
that the trial court “unfiled” the motions, we do not address whether it had
the authority to do so or whether the trial court could have ruled on the
motions if they had been delivered to the trial court without first being filed.