**AFFIRMED; Opinion Filed April 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00014-CR

**JOHN DEREK SAXON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 061438**

## OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

Appellant John Derek Saxon appeals from the judgments adjudicating him guilty of murder and arson and his accompanying sentences of eighty years' imprisonment for each count. Appellant contends that this case should either be reversed for dismissal of one of the two counts, or the judgments should be amended to delete one of the two convictions. Finding no merit in appellant's argument, we affirm the trial court's judgments.

## BACKGROUND

On January 25, 2012, the Grayson County grand jury indicted appellant for murder (Count 1) and arson (Count 2). As stated in the indictment, Count 1 provides that appellant did "intentionally or knowingly cause the death of an individual, namely, Mary Saxon, by striking Mary Saxon with a shovel or cutting the throat of Mary Saxon or causing Mary Saxon to be set

afire or leaving Mary Saxon in a house, the defendant had set afire, after rendering Mary Saxon incapacitated."[1]  Count 2 of the indictment provides that appellant did "with intent to damage or destroy a habitation located at 3755 North Loy Lake Road, start a fire, or cause an explosion, by setting bedding afire . . . and Mary Saxon suffered death as a result of said fire or explosion." Mary Saxon was appellant's mother.

Appellant pled not guilty by reason of insanity and his trial commenced on October 16, 2012.  At the trial's conclusion, there was an off-the-record discussion of the charge after which counsel for the State and appellant stated on the record that they did not have any requests or objections to the charge.  The trial court then read the charge to the jury which instructed as follows regarding the murder charge:

> Now bearing in mind all the instructions given to you in this charge, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of October, 2011, in the County of Grayson and State of Texas, the defendant, JOHN SAXON, did intentionally or knowingly cause the death of an individual, namely, Mary Saxon, by striking Mary Saxon with a shovel or cutting the throat of Mary Saxon, then you will find the defendant guilty of Murder as charged in Count 1 of the indictment and so say by your verdict.

This language in Count 1 of the jury charge eliminated any mention of fire or arson which had been included in Count 1 of the indictment, the murder count.  The jury charge also provided the following instruction regarding the arson charge:

> Now bearing in mind all the instructions given to you in this charge, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of October, 2011, in the County of Grayson and State of Texas, the defendant, JOHN SAXON, did with intent to damage or destroy a habitation located at 3755 North Loy Lake Road, start a fire, by setting bedding afire, knowing that said habitation had located within it property belonging to another, namely, Mary

---

[1] Count 1 of the indictment initially had two additional paragraphs which alleged felony murder with arson as the underlying felony and felony murder with aggravated assault as the underlying felony.  The State withdrew these paragraphs of the indictment prior to trial as indicated by the judge's initialing of two marginal notations on the indictment and the omission of those paragraphs when the indictment was read to the jury.  Unlike the portions of the indictment that were abandoned in writing, the language of the indictment at issue in this appeal is not stricken through with the initials of the judge in the margin and that language was read to the jury at the start of trial.

Saxon, then you will find the defendant guilty of Arson as charged in Count 2 of the indictment and so say by your verdict.

The language in Count 2 of the jury charge, the arson count, eliminated the language from the indictment regarding murder which stated, "and Mary Saxon suffered death as a result of said fire or explosion." Neither appellant nor the State objected to the jury charge regarding its omission of these matters contained in the indictment.

On October 18, 2012, the jury found appellant guilty of murder and arson. The jury set punishment at eighty years' confinement for each count. After the trial court denied appellant's motion for a new trial, he filed this appeal.

## ANALYSIS

In his sole point of error, appellant argues that his convictions on both the murder and arson counts constitute double jeopardy in violation of the Fifth Amendment of the U.S. Constitution. Specifically, appellant contends that the jury was allowed to find him guilty of the death of Mary Saxon twice—once as murder and once as arson causing death.

The Fifth Amendment's double jeopardy clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The double jeopardy clause protects an accused against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction and, as appellant contends, multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165 (1977).

To determine if an accused has been charged with multiple punishments for the same offense, courts use the "same elements" or "*Blockburger* test." *See Blockburger v. U.S.*, 284 U.S. 299 (1932). The *Blockburger* test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an element which the other does not. *Id.* at 304. In Texas, the *Blockburger* analysis is expanded

–3–

even further by holding that double jeopardy occurs even when offenses that have differing elements under *Blockburger* are alleged in the indictment to have been committed on the same facts. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). Accordingly, appellant argues that because the indictment failed to elect the means of death, the jury was allowed to find him guilty on identical fact—death by fire—to two different crimes in violation of the Fifth Amendment.

Appellant, however, does not take into account that the State may abandon allegations in the indictment. *See Eastep v. State*, 941 S.W.2d 130, 133 (Tex. Crim. App. 1997) ("When a statute provides multiple means for the commission of an offense and those means are subject to the same punishment, the State may plead them conjunctively. However, the State is required to prove only one of the alleged means in order to support the conviction. Therefore the State may abandon one or more of the alleged means."), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000), *and Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001); *see also Tooke v. State*, 642 S.W.2d 514, 517 (Tex. App.—Houston [14th Dist.] 1982, no pet.) ("It is proper to allege conjunctively alternative means by which a murder is committed, prove one of these means and charge only on the means which is supported by the evidence."). Further, the State is allowed to abandon a portion of the indictment by not objecting to the charge's omission of a portion of the indictment although jeopardy will attach if the abandonment took place after the jury was impaneled. *See In re Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992) (although there was "no evidence in the record that the State took any affirmative action to dismiss, waive or abandon or that the State obtained permission from the trial judge to dismiss, waive or abandon the first and third counts in that indictment," the State was barred from later litigating those two counts in the indictment because the State abandoned these counts after the jury was impaneled.).

In this instance, the State elected to abandon all language in both counts of the indictment that linked Mary Saxon's death to the fire or explosion because the State did not object to the jury charge that omitted the language, even though the State neither took any affirmative action nor obtained permission from the trial court to abandon such language. As the case law allows for such abandonment by the State by omission of the language from the charge without the State's objection, appellant was not convicted of murdering Mary Saxon by means of fire nor was he convicted of arson causing her death. Therefore, even if the offenses were "the same" as originally charged, there was no double jeopardy violation because appellant was *convicted* of (1) murder by shovel or cutting of the throat and (2) arson. We resolve appellant's sole point of error against him and hold that appellant's convictions for murder and arson do not violate the Fifth Amendment's double jeopardy provision.

## CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Publish
Tex. R. App. P. 47.2(b)
130014F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN DEREK SAXON, Appellant

No. 05-13-00014-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 061438.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of April, 2014.

/ David Evans/
DAVID EVANS
JUSTICE