**AFFIRMED and Opinion Filed August 30, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00163-CR

**JOSE ANTONIO PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-71985-U**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Bridges and Lang
Opinion by Chief Justice Wright

Jose Antonio Perez appeals his conviction for aggravated sexual assault of a child under fourteen years of age. After the jury found appellant guilty, the trial court assessed punishment at sixty years' confinement. In a single issue, appellant contends the trial court violated its *sua sponte* duty under Article 36.14 of the code of criminal procedure to instruct the jury on the law governing the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Appellant contends the trial court mistakenly believed that the indictment had been amended when, in fact, the indictment was not amended until after the trial court delivered its charge to the jury. Because the trial was conducted in accordance with the allegedly amended indictment and the jury charge relied upon the language of the allegedly amended indictment and contained various

other errors, appellant contends he suffered egregious harm. We overrule appellant's issue and affirm the trial court's judgment.

## BACKGROUND

In 2012, appellant was charged under an indictment that alleged he did:

unlawfully then and there intentionally and knowingly cause the contact and penetration of the female sexual organ of [A.P.], a child, who was not then the spouse of defendant, by an object, to-wit: the sexual organ of said defendant, and, at the time of the offense, the child was younger than 14 years of age.

Appellant's first trial ended in a hung jury. On January 26, 2015, during a pretrial hearing before appellant's second trial, the State brought to the trial court's attention that the case was a retrial and the prosecutor informed the trial court that his notes indicated that the indictment had been amended before the first trial to strike the words "and penetration" from the indictment so as to allege only contact between A.P.'s and appellant's sexual organs. Citing a desire to clarify the record for the second trial, the State presented to the trial court a written motion to amend the indictment to eliminate the allegation of penetration. The trial court then stated "Let the record reflect that the State–or the Court is granting the motion that the State just filed to strike the words 'and penetration' from the indictment." The State's one-page motion, which also contains the trial court's order granting the motion, does not recite the language of the new indictment. The record does not contain any indication that the original indictment was ever physically altered. The county clerk's file mark on the State's motion to amend the indictment indicates it was filed on January 29, 2016—one day after the trial court charged the jury and the date on which the jury returned its guilty verdict.

After the trial court granted the State's motion, appellant was arraigned on the new charge that he "did unlawfully then and there intentionally and knowingly cause the contact of the female sexual organ of [A.P.], a child, who was not then the spouse of defendant, by an

–2–

object, to-wit: the sexual organ, of said defendant, and, at the time of the offense, the child was younger than 14 years of age . . .” Appellant did not object to the new indictment read to him and entered a plea of not guilty. After the jury was impaneled, the State read the same indictment before the jury and appellant again entered a plea of not guilty and did not object to the indictment.

At the conclusion of the guilt-innocence phase of trial, during the charge conference, appellant unsuccessfully requested inclusion of a lesser included offense in the charge but otherwise offered no objection. The trial court read the charge of the court to the jury:

Members of the jury:

The defendant, Jose Antonio Perez, stands charged by indictment with the offense of aggravated sexual assault of a child, alleged to have been committed in Dallas County, Texas, on or about the 1st day of April, A.D., 2012.

To this charge, the defendant has pleaded not guilty.

Our law provides that a person commits an offense if the person intentionally or knowingly causes the contact or penetration of the female organ of a child by any means. . . .

The application portion of the charge stated:

Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of April, A.D., 2012, in Dallas County, Texas, the defendant, Jose Antonio Perez, did unlawfully, then and there intentionally or knowingly cause the contact of the female sexual organ of [A.P.], a child, who was not then the spouse of the defendant, by an object, to-wit: the sexual organ of said defendant, and at the time of the offense, the child was younger than fourteen years of age, then you will find the defendant guilty of aggravated sexual assault of a child as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant.

**STANDARD OF REVIEW**

When evaluating alleged jury charge error, we must first determine whether the alleged error exists. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). If we determine the

–3–

jury charge was erroneous, then we must conduct a harm analysis with the standard of review of the harm depending upon whether the issue of error was preserved for appeal by an objection. *Id*. If the defendant lodged a timely objection to the charge in the trial court, then the case will be reversed upon a showing of some harm calculated to injure the rights of the defendant or it appears the defendant was deprived of a fair and impartial trial. TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If the defendant did not object to the charge, he would be entitled to reversal only if he suffered egregious harm as a result of an error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Egregious harm consists of errors that affect the very basis of the case or that deprive the defendant of a vital right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Warner v. State,* 245 S.W.3d 458, 461–62 (Tex. Crim. App. 2008); *Saunders v. State,* 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). In making this determination, we examine the entire charge, the state of the evidence, including contested issues and weight of the evidence, arguments of counsel, and any other relevant information. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Warner,* 245 S.W.3d at 461.

## DISCUSSION

In his sole issue, appellant contends the trial court violated its *sua sponte* duty under article 36.14 to provide the jury with the law applicable to the case in the jury charge. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Appellant contends that jury charge error resulted from the failure to amend the original indictment pursuant to the provisions of Article 28.10 of the code of criminal procedure.

In relevant part, article 28.10 provides: "After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial

–4–

on the merits commences." TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006). Article 28.11 provides that "[a]ll amendments of an indictment or information shall be made with the leave of the court and under its direction." *Id*. at art. 28.11. Amending an indictment under articles 28.10 and 28.11 requires a motion from the State requesting amendment of the indictment, an order from the trial court granting the indictment, and documentation in the record reflecting the changes to the indictment sufficient to give the defendant fair notice of the charges against him. *See Perez v. State*, 429 S.W.3d 639, 643 (Tex. Crim. App. 2014); *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).[1]

Not all alterations of an indictment, however, are amendments. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000); *partially overruled by Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). If an alteration affects the substance of the indictment then it is an amendment; if it does not affect the substance of the indictment, then it is an abandonment. *Id*. An alteration of an indictment may constitute an abandonment under two circumstances: (1) if the alteration constitutes an abandonment of one or more alternative means of committing an offense; or (2) if the abandonment of an allegation effectively reduces the prosecution to a lesser included offense.[2] *Id*. at 135. An abandonment need not conform to the requirements of articles 28.10 and 28.11. *Id*.

Appellant alleges the alteration in this case is an amendment to the indictment, and it did not become operative until the State filed the motion to amend—an action appellant contends

---

[1] Because of our resolution of this case hereinafter, we need not determine whether the State's procedure for memorializing the changes to the indictment complies with its duties under articles 28.10 and 28.11.

[2] A third category allowing abandonment of surplusage was eliminated essentially by *Gollihar v. State* in which the court of criminal appeals disposed of the law of surplusage. *See Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001).

occurred on the date of the file mark on the document. Without the amendment, appellant contends, he should have been tried for "contact and penetration" and thus the trial court's jury instruction alleging only "contact" was erroneous. Appellant contends the striking of the words "and penetration" from the indictment could not be viewed as an abandonment or the elimination of mere surplusage because the statute of conviction, section 22.021 of the penal code, makes separate offenses of "contact" and "penetration." By placing the two offenses within the same indictment count, appellant asserts, the offense of penetration subsumed the offense of contact and thus the original indictment actually required only proof of penetration. By not including the words "and penetration" in the jury charge, appellant contends, the trial court allowed the jury to convict him of a "contact" offense for which he had not been indicted.

The State responds first that appellant failed to preserve error because he did not "object to a defect, error, or irregularity of form or substance" in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) (requiring objection to preserve error in indictment). We must reject the State's contention. Article 1.14(b) applies to defects on the face of the indictment and not to procedural matters such as an error in the process of amending an indictment. *See Miller v. State*, 909 S.W.2d 586, 592 (Tex. App.—Austin 1995, no pet.).

The State next contends that the "amendment" in issue is actually an abandonment and thus not subject to the requirements of articles 28.10 and 28.11. We agree.

Appellant was charged with committing aggravated sexual assault in violation of section 22.021(a)(1) of the penal code which provides one commits an offense if one intentionally or knowingly commits any of the following actions against a child under fourteen years of age:

(i) causes the penetration of the anus or sexual organ of a child by any means;

(ii) causes the penetration of the mouth of a child by the sexual organ of the actor;

–6–

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

TEX. PENAL CODE ANN. § 22.011(a)(1)(B) (West 2011).

"Article 22.021 is a conduct-oriented offense in which the legislature criminalized very specific conduct of several different types." *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999). Each separately described type of conduct constitutes a separate statutory offense. *See id.* at 833; *see also Gonzales v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010) (No double jeopardy where defendant convicted of aggravated sexual assault in two counts for penetration of anus and penetration of sexual organ even though both offenses prohibited by same subsection of statute and arose from same incident).

For certain purposes, as appellant suggests, a penetration-based offense may subsume a contact-based offense because proof of penetration necessarily also proves contact. *See Vick*, 991 S.W.2d at 834 n. 2. Subsumption has been used to address questions of unanimous verdicts. *See, e.g., Santee v. State*, 247 S.W.3d 724, 728–29 (Tex. App.—Houston [1st Dist.] 2007, no pet.). (Defendant convicted of aggravated sexual assault arising from charges that he both contacted and penetrated victim's sexual organ not deprived of unanimous verdict even if some jurors found he committed contact and others found he committed penetration because penetration necessarily includes both contact and penetration). Likewise, subsumption is used to prevent a defendant from being subject to double jeopardy with "stop action" prosecutions where a defendant could theoretically be charged for separate offenses of exposure, contact, and penetration arising from various points in one continuous offense. *See Patterson v. State*, 152

S.W.3d 88, 91–92 (Tex. Crim. App. 2004); *see also Aekins v. State*, 447 S.W.3d 270, 283 (Tex. Crim. App. 2014) (concluding defendant subjected to double jeopardy when convicted of both contacting and penetrating victim's sexual organ with his mouth as part of one continuous transaction because penetration subsumed contact). Appellant cites no authority where subsumption has been used to conclude that when a defendant is charged with penetration, that a separate contact allegation is necessarily meaningless. To the contrary, there is no subsumption when a victim is subjected to multiple transactional offenses in which both contact and penetration could have occurred independently. *See Moldonado v. State*, 461 S.W.3d 144, 149 (Tex. Crim. App. 2015).

In this case, A.P. testified that she and her younger sister, A.C., spent weekends and some time during the summer with her mother's best friend, Michelle Perez. Michelle Perez was married to appellant. A.P. testified that she did not always have fun at Michelle's apartment because appellant was there. When asked why she would not enjoy being around appellant, she responded that "[h]e would always touch me." In describing one of these incidents, A.P. testified that appellant asked her to help him move some phone books in the "room that he and Michelle shared." When she went to help him he closed the door and a few minutes later he asked her to take off her clothes. She related that "he started to touch me in certain areas that I didn't like." She testified he touched her "private areas" with "[h]is private area." On outline drawings of female and male bodies, A.P. drew circles around the areas on the drawings to indicate the locations of her private area, her "behind," and the male "private parts."

A.P. testified that after she removed her clothing, appellant put her on the bed lying face down and he began touching her on the inside of her private areas and her bottom using his private areas. A.P. testified that the touching made her hurt and she asked him to stop. A.P. testified that appellant's body moved and "something wet and slimy" came out of appellant's

private area and she could feel it on her behind and her legs. A.P. also testified that appellant also positioned her onto her back with her legs over his shoulders at which point his body was moving and touching her private area. Although A.P. could not remember specifics of other events, she testified that appellant touched her "[m]any times" in the way she had described and it was always the same way. A.P. testified that she did not tell anyone about the abuse for a long time because appellant told her many times that "[k]eeping a secret is more important than telling the truth" and she was frightened of him.

A.P.'s sister, A.C., testified that appellant had once touched the outside of her "nu-nu" with his hand and her "butt" with his "nu-nu." A.C. also circled the genital areas on male and female drawings to indicate the places where male and female "nu-nus" were located and drew a circle on the drawing to show the location of her "butt." A.P.'s mother testified appellant and Michelle were "[like] second parents" to her children and that the girls would spend "some weekends" with Michelle and appellant including sometimes spending the night. They also spent "[q]uite a bit of time" with Michelle and appellant during the summer.

Because the evidence shows appellant had multiple incidents of sexual contact with A.P. we cannot agree with him that the penetration allegation in the charge necessarily subsumed the contact allegation. *See id.*

Because the original indictment in this case alleged both penetration and contact, it could be interpreted as raising offenses under both section 22.021(a)(1)(B)(i) (penetration of the sexual organ of a child by any means) and section 22.021(a)(1)(B)(iii) (causing the sexual organ of a child to contact or penetrate the sexual organ of appellant). Moreover, given that section 22.021(a)(1)(B)(iii) allows two alternative means of committing an offense under that section— contact and penetration—the State was allowed to plead them both. *See Moore v. State*, 54 S.W.3d 529, 547 (Tex. App.—Fort Worth 2001, pet. ref'd), *citing Eastep*, 941 S.W.2d at 133

–9–

("When a statute provides multiple means for the commission of an offense and those means are subject to the same punishment, the State may plead them conjunctively."). The State need only prove one of the alternative means of commission to obtain a conviction. *Id.*

Although the State posited its action as an amendment to the indictment, the State's motion was an abandonment of the "penetration" allegation. An abandonment of a theory charged as one of the means of committing an offense is still an abandonment even if the State characterized it as an amendment in its motion. *Garcia v. State*, 537 S.W.2d 930, 933 (Tex. Crim. App. 1976). By dropping the "and penetration" allegation from the indictment, the State effectively abandoned one possible offense under section 22.021(a)(1)(B)(i) (penetration by any means) and one possible offense under section 22.021(a)(1)(B)(iii) (penetration of A.P.'s sexual organ with appellant's sexual organ). When an indictment charges multiple offenses, the State may with the trial court's consent dismiss, waive, or abandon a portion of the indictment. *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992); *Saxon v. State*, 430 S.W.3d 555, 558 (Tex. App.—Dallas 2014, no pet.).

Dropping the penetration allegations that could fall under either section 22.021(a)(1)(B)(i) or section 22.021(a)(1)(B)(iii) did not affect the remaining charge of causing the sexual organ of A.P. to contact the sexual organ of appellant. None of the elements of the contact offense were changed. Thus, we conclude the State's action in this case was an abandonment of allegations not governed by articles 28.10 and 28.11 rather than an amendment to the indictment. *See Preston*, 833 S.W.2d at 517; *Garcia*, 537 S.W.2d at 933; *Saxon*, 430 S.W.3d at 558.

Secondly, even without formal action to abandon a portion of an indictment, the State may abandon a portion of an indictment by not objecting to its omission from the jury charge. *See Saxon*, 430 S.W.3d at 558–59. In this case, the State obtained the trial court's permission to

–10–

abandon the "and penetration" allegation, appellant was arraigned and pleaded "not guilty" before the jury on a charge that did not include penetration, and the issue of penetration was not included in the jury charge.

We turn finally to the issue of the file mark on the State's motion. Appellant contends the file mark shows the State did not file the motion and actuate the abandonment until January 29th. We disagree for two reasons. First, the record shows that on January 26th, the trial court received the motion, described it as "filed," granted it, and signed the order. "Documents are generally to be filed with the clerk of the court; however a judge may accept filing of a paper by noting the filing date thereon and transmitting it to the clerk's office." *Garza v. State*, 919 S.W.2d 788, 789 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *see also* TEX. R. CIV. P. 74 (allowing papers to be filed with trial court); TEX. R. APP. P. 9.2(a)(2) (papers may be filed with justice willing to accept delivery). A document is considered "filed" when it is delivered into the custody of a proper official. *See id.* In the case of a missing or incorrect file mark, the file mark date is not controlling. *See Williams v. State*, 767 S.W.2d 868, 871–72 (Tex. App.—Dallas 1989, pet. ref'd). In this case, the file mark does not reflect what transpired in the January 26 pretrial hearing wherein the trial court indicated that the motion was filed. Therefore, we conclude the abandonment was timely.

Because the State effectuated a timely abandonment of the "and penetration" allegation in the indictment and appellant was tried under the correct remaining legal theory of contact between the sexual organ of A.P. and his sexual organ, we conclude there was no error and thus no violation of article 36.14. *See Cortez*, 469 S.W.3d 598. We overrule appellant's sole issue.

We affirm the trial court's judgment.

 /Carolyn Wright/      
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150163F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JOSE ANTONIO PEREZ, Appellant

No. 05-15-00163-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-71985-U.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 30, 2016.