**Affirmed as Modified and Opinion Filed June 27, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00116-CR**

**MOISES ISMAEL VASQUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-1847148-L**

# MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellant Moises Ismael Vasquez appeals his conviction for aggravated sexual assault of one of his step-granddaughters. In a single issue, Vasquez contends the trial court lost jurisdiction when it quashed the indictment and, as a result, all subsequent proceedings and the conviction are void. In five cross-points, the State asks this Court to modify the judgment to correct five errors. For the following reasons, we overrule Vasquez's sole appellate issue, sustain three of the State's cross-points, overrule two of the State's cross-points, and affirm the judgment as modified.

# BACKGROUND

Vasquez was indicted for continuous sexual abuse of a child based on allegations that he committed sexual acts against his two step-granddaughters, J.Z. and B.Z. After being reset twice, trial was set to begin on November 12, 2019. Due to an insufficient number of available venire persons, however, the trial court continued the case to November 18, 2019. Between November 12 and November 18, the State discovered a grammatical error in the indictment. Although both of the step-granddaughters were identified as "complainants," the portion of the indictment that specified Vasquez's sexual acts used the singular terms "complainant's" and "complainant":

> That MOISES ISMAEL VASQUEZ, hereinafter called Defendant, on or about the 1st day of October, 2013 in the County of Dallas, State of Texas, did then and there intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against J.Z. and B.Z., children younger than 14 years of age, hereinafter called ***complainants***, namely by: the penetration of the ***complainant's*** female sexual organ by the Defendant's finger AND by the contact between the hand of the Defendant and the genitals of the ***complainant*** with the intent to arouse and gratify the sexual desire of the Defendant

(emphasis added). The State filed a motion to amend the indictment seeking to change the singular terms "complainant's" and "complainant" to the plural "complainants' " and "complainants."

The trial court heard the motion to amend on November 18, 2019, before voir dire began. Vasquez's counsel told the court that Vasquez would not agree to waive the statutory ten-day period if the court allowed the amendment. In response, the

State said it would just proceed on the original indictment "if the court is insistent" on giving Vasquez a ten-day continuance. The trial judge verbally denied the motion to amend. Vasquez's counsel then made an oral motion to quash the indictment, arguing that the grammatical error and change from plural to singular made the indictment unintelligible. He maintained that the indictment as written failed to notify Vasquez whether "he has to defend against singular or plural violations" and left Vasquez not knowing if he has "to defend against a singular, maybe two actions against one complainant to multiple actions against both complainants." The State argued that the law did not require the indictment "to specify which act goes to which child." After a recess to consider the motion to quash, the trial court stated:

> The Motion to Amend that you filed is absolutely correct. It needs to read complainants [sic] and complainants and it doesn't. It's not really –- I understand what these cases say, but that's not really the question that I've got or the concern that I had.
>
> And so I think where we are is I'm going to –- I will grant the Motion to Quash. I will allow you all to amend and we'll give him his ten days. That way it's clear. I mean, this is a twenty-five to life case. I don't want this messed up. That's the easiest way to do it.

In response to the judge's statements, the prosecutor stated that, in light of the judge's view, the State would prefer to abandon portions of the indictment:

> Your Honor, if that's the case the State's gonna be willing to abandon some of the language of the indictment and go on an Aggravated Sexual Assault of a child, identifying complainant J.Z. as the one. An abandonment is not a –- The Defense has had sufficient notice. Obviously there's no limits required at that point. The State can abandon any time.

–3–

The judge responded, "Okay. Let's be clear on the record. What is it that you're abandoning?" The prosecutor then set out the exact language of the indictment the State was abandoning, and explained that the remaining indictment would read as follows:

> That Moises Ismael Vasquez, hereinafter called Defendant, on or about the 1st day of October, 2013, in the County of Dallas, State of Texas, did then and there intentionally and knowingly commit sexual abuse against J.Z., a child younger than fourteen years of age, hereinafter called complainant, namely by the penetration of the complaint's [sic] female sexual organ by the Defendant's finger.

Vasquez's counsel initially argued that this change still presents a notice problem; namely, that Vasquez had no notice that he would be defending against an aggravated sexual abuse claim as to only one child. But after discussing the issue with Vasquez, defense counsel told the court that Vasquez "agreed to go to trial on the first degree Aggravated Sexual Assault of a child." The judge responded "All right. Now we know where we are. Now, where are we on a jury," and the hearing ended.

That afternoon, the State arraigned Vasquez on the reduced charge of aggravated sexual assault of J.Z., and Vasquez pleaded not guilty. Voir dire began, a jury was picked, and the case proceeded to trial. The jury found Vasquez guilty of aggravated sexual assault of a child as charged in the indictment as revised in pretrial. Vasquez elected to have the trial court assess punishment. The trial court sentenced Vasquez to twenty-five years' imprisonment. Vasquez's motion for new trial was overruled by operation of law, and this appeal followed.

**STANDARD OF REVIEW**

In his sole issue on appeal, Vasquez contends the trial court lost jurisdiction when it quashed the indictment and therefore all subsequent proceedings and the conviction are void. Because this is a question of law, we conduct a de novo review. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010) (de novo review of trial court's decision to permit amendment to the indictment); *Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ("Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review."); *Chabot v. Estate of Sullivan*, 583 S.W.3d 757, 760 (Tex. App.—Austin 2019, pet. denied) (whether a court's order is void for want of jurisdiction is a question of law reviewed de novo).

**APPLICABLE LAW**

The Texas Constitution requires that the accused be charged by indictment for felony offenses. TEX. CONST. art. I, § 10; *see also Riney*, 28 S.W.3d at 564. The presentment of a valid indictment vests the district court with jurisdiction of the cause. TEX. CONST. art. V, § 12(b); *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); *Garcia*, 596 S.W.2d at 527. To that end, trial courts do not have an inherent authority to dismiss a charging instrument without the consent of the State. *State v. Harbor*, 425 S.W.3d 508, 512 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003)). Any authority to dismiss a charging instrument without the consent of the State must

derive from a statute, the common law, or the state or federal constitutions. *Harbor*, 425 S.W.3d at 512.

The requisites of a valid indictment are also controlled by statute. *See* TEX. CONST. art. V, § 12(b)("The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law."); *Studer*, 799 S.W.2d at 272 ("[R]equirements of an indictment are not mandated by the constitution, but rather only by statute."). Article 21.02 of the code of criminal procedure sets out nine requirements for an indictment to be deemed sufficient, including that "[t]he offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. art. 21.02(7).

The Texas Code of Criminal Procedure authorizes a defendant to file three pleadings to challenge the indictment: (1) a motion to set aside the indictment; TEX. CODE CRIM. PROC. art. 27.03; (2) an exception to the indictment's form; TEX. CODE CRIM. PROC. art. 27.09; and (3) an exception to the indictment's substance; TEX. CODE CRIM. PROC. art. 27.08. *See* TEX. CODE CRIM. PROC. art. 27.02(1) (including "A motion to set aside or an exception to an indictment or information for some matter of form or substance" in the list of pleadings and motions a defendant may file). Although each of these pleadings have different grounds and different remedies, orders sustaining these pleadings are "in practice referred to as dismissing or 'quashing' the charging instrument even though that action is not explicitly authorized in those terms by the Code." George E. Dix & John M. Schmolesky, 43

TEX. PRAC. SERIES: CRIMINAL PRACTICE AND PROCEDURE § 37:2 (3d ed.); *see* TEX. CODE CRIM. PROC. art. 28.05 (titled "Quashing indictment in felony" and addressing only a motion to set aside an indictment and an exception to the indictment); *State v. Salinas*, 982 S.W.2d 9, 11, n.1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ("The Code of Criminal Procedure uses the terminology 'motion to set aside' rather than 'motion to quash' and 'motion to dismiss,' even though these designations are common in practice.").

Every order "quashing" an indictment, however, does not leave the trial court without jurisdiction over the defendant. *Compare* TEX. CODE CRIM. PROC. art. 28.05 (titled "Quashing indictment in felony," and clarifying that "If the motion to set aside or the exception to the indictment" is sustained, the defendant "shall not be discharged."); *with* TEX. CODE CRIM. PROC. art. 28.061 ("If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant."); *see also Kass v. State*, 642 S.W.2d 463, 470 (Tex. Crim. App. 1981) (noting in the dissent that "the only 'motions to quash' which, if granted, authorize the discharge of the accused" are those filed pursuant to a motion to set aside permitting discharge or an exception to the substance of the charging instrument). It is the substance of the pleading and the applicable statutory penalty that control whether a case is dismissed for jurisdictional purposes, not whether a party used the term "quash" in requesting relief. *State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) ("[t]he mere label attached

–7–

either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability.") (quoting *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991)).

For example, a defendant may move to set aside an indictment if there were improprieties in the grand jury process or "any other grounds authorized by law," such as the State's failure to provide a speedy trial. TEX. CODE CRIM. PROC. arts. 27.03; 28.061. If such a motion is sustained, the trial court must discharge the accused, and the State must either appeal the ruling or re-indict the defendant. *See Ray v. State*, 561 S.W.2d 480, 481 (Tex. Crim. App. 1977) ("It is well settled that when the evidence shows that unauthorized persons were present during the deliberations of the grand jury the indictment must be invalidated and a new trial ordered."); *see also* TEX. CODE CRIM. PROC. art. 28.061 ("If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant."); TEX. CODE CRIM. PROC. art. 44.01(a)(1) (the State may appeal an order of a court in a criminal case if the order dismisses all or part of an indictment). The same is true when a defendant excepts to the substance of the indictment. *See, e.g., Studer v. State*, 799 S.W.2d 263, 267 (Tex. Crim. App. 1990) ("A substance defect [is] considered 'fundamental error' since a charging instrument with such a defect failed to confer jurisdiction upon the trial court, and any conviction had upon that instrument was therefore void."); *see also*

*Salinas*, 982 S.W.2d at 10, n.1 (a defect of substance "precludes prosecution altogether.").

But that is not the case when the exception is to the form of the indictment. The Code permits the following exceptions to the form of an indictment:

1. That it does not appear to have been presented in the proper court as required by law;

2. The want of any requisite prescribed by Articles 21.02 and 21.21.[1]

3. That it was not returned by a lawfully chosen or empaneled grand jury.

TEX. CODE CRIM. PROC. art. 27.09. A claim that the indictment uses unintelligible language is an exception to form because the use of "plain and intelligible words" is a statutory requisite of an indictment. TEX. CODE CRIM. PROC. arts. 21.02, 27.09; *Am. Plant Food Corp. v. State*, 508 S.W.2d 598, 602 (Tex. Crim. App. 1974). Likewise, a claim that the indictment charges an offense but fails to provide adequate notice is an exception to form. *Janecka v. State*, 739 S.W.2d 813, 817–20 & n.4 (Tex. Crim. App. 1987)."

When an exception to the form of an indictment is sustained, the "indictment may be amended if permitted by Article 28.10 of this code, and the cause may proceed upon the amended indictment or information." TEX. CODE CRIM. PROC. art. 28.09; *Studer*, 799 S.W.2d at 271. Article 28.10 provides:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date

---

[1] Article 21.21 sets out the requisites of an information and is not applicable here.

–9–

the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ART. 28.10.

## ANALYSIS

This case turns on how we characterize the trial court's pretrial actions regarding the indictment. Vasquez contends the trial court set aside the indictment by granting his motion to quash and, as a result, had no jurisdiction to put him to trial and convict him. *See Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980) (trial court loses jurisdiction over the accused when it sustains a motion to dismiss the indictment). The State, in contrast, maintains the trial court merely sustained Vasquez's exception to the form of the indictment and properly permitted the State to abandon parts of that indictment and proceed to trial. *See* TEX. CODE CRIM. PROC. art. 28.10; *see also Eastep v. State*, 941 S.W.2d 130, 134 (Tex. Crim. App. 1997), *overruled on other grounds*, *Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) and *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001) (altering

the indictment to reduce the prosecution to a lesser included offense is an abandonment, not an amendment). We agree with the State.

## I. Trial court's continuing jurisdiction

Vasquez maintains that the trial court's jurisdiction ended when it granted his motion to quash. We disagree. Vasquez moved to quash the indictment based solely on his contention that the indictment was unintelligible. This allegation constituted an assertion that the indictment failed to comply with article 21.02(7), which provides that "[t]he offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. art 21.02(7). Vasquez's exception was, therefore, to the form of the indictment. TEX. CODE CRIM. PROC. art. 27.09(2). As such, when the trial court granted Vasquez's motion, it was sustaining an exception to the form of the indictment. *Id.* By doing so, the Code expressly provided the State with the opportunity to amend the indictment. TEX. CODE CRIM. PROC. art. 28.09; *Studer*, 799 S.W.2d at 271.

The Code did not, however, allow the trial court to discharge Vasquez. On the contrary, article 28.09's directive that trial may proceed on an amended indictment following an order sustaining an exception to its form necessarily means that the trial court does not automatically lose jurisdiction by sustaining an exception to the form of the indictment. Indeed, this conclusion is consistent with the basic tenet of Texas law that a trial court does not have an inherent authority to dismiss a charging instrument without the consent of the State. *See Harbor*, 425 S.W.3d at 512.

Moreover, the trial court did not discharge Vasquez or dismiss the indictment, either verbally or in writing. During the pretrial hearing, the trial court stated "And so I think where we are is I'm going to –- I will grant the Motion to Quash. I will allow you all to amend and we'll give him his ten days. That way it's clear." This statement and description of the court's proposed remedy suggests the trial court did not intend to dismiss the prosecution. Indeed, immediately following this oral ruling, the trial court accepted the State's decision to abandon portions of the indictment and then proceeded to trial on the lesser-included offense. We conclude the trial court did not discharge Vasquez or lose its jurisdiction over him. This is consistent with notations written on the trial court's docket sheet showing the following orders and actions of the court on November 18, 2019: "Ruling on motions, state abandons all by 1 count on 1 victim – voir dire – jury selected and recessed."

Vasquez also relies on a handwritten motion and handwritten order to support his contention that the trial court ordered him discharged when it granted his motion to quash. The clerk's record includes a handwritten document captioned "Motion to Quash."[2] In the motion, Vasquez asks the court "to set aside and quash the

---

[2] The handwritten motion and the accompanying handwritten (and signed) order are barely legible, not file-stamped, and do not include a certificate of service showing service on the State. In the upper right corner of the motion, someone wrote "Bench filed 10/18/19 at 10:53AM." The motion is, thus, dated a month before trial. There are no statements in the pretrial transcript indicating that Vasquez offered a handwritten motion to the trial court during the hearing or that the trial court bench-filed any motion or signed an order related to the motion to quash. The lack of discussion of the motion combined with a "bench filed" date a month before trial, leaves the Court with doubt regarding the veracity of these documents. Nonetheless, for purposes of our analysis, we will assume without deciding that the handwritten motion and order were timely and properly presented to the trial court and the order was signed by the trial judge.

–12–

indictment" because "[t]he wording in this indictment fails to allege in clear and intelligible language the allegations against Defendant Vasquez. The wording is confusing as to the sexual acts and/or person to which they refer." The handwritten order states simply that the court heard Vasquez's "Motion to Quash indictment and it appears to the Court that this motion should be granted." To the extent this motion and order were filed of record with proper notice to the State, our analysis remains the same as our analysis of the verbal ruling. The written motion, like the verbal motion, presents an exception to the form of the indictment. *See* TEX. CODE CRIM. PROC. arts. 27.09(2), 28.09; *Studer*, 799 S.W.2d at 271. Like the trial court's statements on the record, the written order does nothing more than sustain Vasquez's exception to the form of the indictment. Neither the verbal ruling nor the written order include any language discharging Vasquez or dismissing the indictment.

For these reasons, we reject Vasquez's contention that the order or orders granting his motion to quash discharged him and left the court with no jurisdiction over him.

## II. Abandonment rather than amendment

Vasquez also takes issue with the State's decision to abandon the primary offense in favor of the lesser included offense rather than amending the indictment. We conclude, however, that abandoning the defective language was a proper response to the sustained exception.

Article 28.09 does not mandate amendment as the exclusive means of curing a "quashed" indictment. Rather, article 28.09 permits the State to amend the indictment. TEX. CODE CRIM. PROC. art. 28.09 ("If the exception to an indictment or information is sustained, the information or indictment *may be amended* if permitted by Article 28.10 of this code, and the cause may proceed upon the amended indictment or information.") (emphasis added). Moreover, the State may "opt to abandon some counts before they are submitted to the jury for consideration." *Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *10 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication). For example, when a statute provides two means for the commission of an offense and the State alleges those means conjunctively, the State may abandon any one of the alleged means. *Eastep v. State*, 941 S.W.2d 130, 133 (Tex. Crim. App. 1997). The State is not required to take affirmative action or obtain permission from the trial court to abandon such language. *Saxon v. State*, 430 S.W.3d 555, 558–59 (Tex. App.—Dallas 2014, no pet.). Further, when the State abandons such an allegation, the provisions of article 28.10(a) are not implicated. *Williams v. State*, 946 S.W.2d 886, 901 (Tex. App.—Waco 1997, no pet.) (when the State abandons one of the means for the commission of an offense, the accused is not entitled to article 28.10(a)'s ten-day response time because "the provisions of article 28.10(a) are not implicated") (citing *Eastep*, 941 S.W.2d at 135).

This is what occurred here. To avoid an additional ten-day delay, the State chose to abandon certain allegations rather than amend the indictment. The State abandoned all allegations of abuse of B.Z., and the allegations of indecency by contact and continuous acts of abuse against J.Z. What remained was an indictment charging Vasquez with the lesser-included offense of aggravated sexual assault of J.Z. We conclude the State's decision to abandon portions of the indictment and charge Vasquez with the lesser-included offense was proper under Texas law. *See Eastep*, 941 S.W.2d at 133; *Saxon*, 430 S.W.3d at 558–59. Accordingly, the trial court did not err by permitting the State's actions and proceeding to trial on the remaining indictment. We overrule Vasquez's sole appellate issue.

## STATE'S CROSS-POINTS

The State asserts five cross-points in which the State requests modification of the judgment to correct clerical errors in the trial court's judgment. The State requests we modify the judgment to: (1) reflect the correct offense for which Vasquez was convicted, (2) state that Vasquez entered a plea of not guilty, (3) show that the age of the victim was eleven, (4) include the special finding that the victim was less than fourteen years old, and (5) remove the Article 42.017 special finding because Vasquez is not a young offender within four years of the victim's age.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.

–15–

App.—Dallas 1991, pet. ref'd) (en banc). The record supports some of the requested modifications and we, therefore, agree with the State that the judgment needs to be modified in part.

First, the record shows Vasquez was convicted of "Aggravated Sexual Assault of a Child" under section 22.021 of the Texas Penal Code. The original judgment, however, reflects that he was convicted of continuous sexual abuse of a young child under section 21.02 of the penal code. The original judgment, therefore, required modification to reflect the correct offense for which Vasquez was convicted and the correct statute for the offense. On January 13, 2020, the trial court signed a nunc pro tunc order amending the judgment to read that Vasquez was convicted of the offense of "Aggravated Sexual Assault of Child" under section 22.021(a)(2)(B) of the penal code. Accordingly, we overrule the State's first cross-point as moot.

Next, the State asks us to modify the judgment to reflect that Vasquez pleaded not guilty. The record confirms that Vasquez entered a plea of not guilty. The judgment, however, reflects a guilty plea. The judgment should be modified to reflect the truth. We, therefore, modify the "Plea to Offense" field of the trial court's judgment by replacing "GUILTY" with "NOT GUILTY." We sustain the State's second cross-point.

The State also asks us to modify the sex offender registration information in the judgment to show that the victim was eleven years old at the time of the offense. Article 42.01 of the Texas Code of Criminal Procedure provides that a judgment for

conviction of an offense requiring the defendant to register as a sex offender under Chapter 62 must include "a statement of the age of the victim of the offense." TEX. CODE CRIM. PROC. art. 42.01, § 1(27). Aggravated sexual assault is a registrable offense, so the judgment convicting Vasquez of that offense must reflect the age of the victim. TEX. CODE CRIM. PROC. art. 62.001(5)(A). Here, the judgment shows that the sex offender registration requirements apply and states "The age of the victim at the time of the offense was <14 years." The State asks this Court to replace "<14 years" with "11." The record, however, does not support the request.

The record shows the victim was born August 6, 2002. She testified that she was ten or eleven years old at the time of the offense. The indictment alleged the offense occurred on or about October 1, 2013. The State argues the victim was eleven years old on October 1, 2013 and, as such, her age at the time of the offense was eleven. The indictment date, however, is not evidence of the date of the offense. *See In re Rawls*, No. 01-00-01164-CV, 2001 WL 26138, at *1 (Tex. App.—Houston [1st Dist.] Jan. 11, 2001, no pet.). It is well-settled the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). The victim's testimony that she was ten or eleven years old places the offense date between August 6, 2012, and August 5, 2014. Without conclusive proof of the actual date of the offense, we cannot determine the victim's exact age

–17–

at the time of the offense. We, therefore, conclude that the record cannot support the State's requested modification. Moreover, we conclude no modification is necessary because the statement that the victim's age at the time of the offense was "< 14 years" constitutes "a statement of the age of the victim of the offense" as required by article 42.01. TEX. CODE CRIM. PROC. art. 42.01, § 1(27). We overrule the State's third cross-point.

Similarly, the State asks us to modify the judgment to include a special finding that the victim was less than fourteen years old. Aggravated sexual assault is considered a "sexually violent offense" when, as here, it is committed by a person seventeen years of age or older. TEX. CODE CRIM. PROC. art. 62.001(6)(a). As such, the trial court was required to "make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense." TEX. CODE CRIM. PROC. art. 42.015(b). The trial court found that the victim was under the age of fourteen at the time of the offense. The judgment, however, does not include that affirmative finding. We, therefore, modify the judgment to include the following special finding: "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense." We sustain the State's fourth cross-point.

Finally, the State asks us to delete the trial court's article 42.017 special finding because Vasquez is not a young offender within four years of the victim's

age. *See* TEX. CODE CRIM. PROC. Art. 42.017 (requiring affirmative finding in the judgment for certain age-based offenses under sections 21.11 or 22.011 of the penal code where the victim is at least fifteen years old and the defendant is no more than four years older). The judgment includes the following special finding concerning the ages of Vasquez and the victim:

> The Court finds that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court finds that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. Tex. Code Crim. Proc. art. 42.017.

Vasquez was convicted of aggravated sexual assault of a child younger than fourteen. Article 42.017 does not apply to that conviction. Indeed, Vasquez was older than nineteen and the victim was younger than thirteen when the offense occurred. The special finding should not have been included in this judgment. We, therefore, delete the special finding from the judgment, and sustain the State's final cross-point.

## CONCLUSION

We overrule Vasquez's sole appellate issue and sustain three of the State's cross-points. Accordingly, we affirm the judgment as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200116F.U05

–19–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOISES ISMAEL VASQUEZ,
Appellant

No. 05-20-00116-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1847148-L.
Opinion delivered by Justice Partida-Kipness. Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The "Plea to Offense" field is modified to replace "GUILTY" with "NOT GUILTY."

The following special finding is inserted into the judgment: "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

The trial court's article 42.017 special finding is deleted.

As **MODIFIED,** the judgment is **AFFIRMED**.

Judgment entered this 27th day of June 2022.